1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EUGENE WEST,

11              Plaintiff,                    No. CIV S-06-0785 GEB DAD P

12         vs.

13    KEN FORSHAY, et al.,

14              Defendants.                   ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to the undersigned in accordance with Local Rule 72-302

19    and 28 U.S.C. § 636(b)(1).

20              Plaintiff's application to proceed in forma pauperis makes the showing required

21    by 28 U.S.C. § 1915(a).  Plaintiff's request for leave to proceed in forma pauperis will therefore

22    be granted.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24    28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $0.76 will be assessed by this

25    order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26    agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1

1  Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty

2  percent of the preceding month's income credited to plaintiff's prison trust account.  These

3  payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

4  amount in plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28

5  U.S.C. § 1915(b)(2).

6          Plaintiff has sued three individuals employed at California Medical Facility. The

7  court is required to screen complaints brought by prisoners seeking relief against a governmental

8  entity or any officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court

9  must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which

10  relief may be granted, or that seek monetary relief from a defendant who is immune from such

11  relief.  28 U.S.C. § 1915A(b)(1) and (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Claims may be dismissed for failure to state a claim upon which relief may be

20  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claims

21  that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

22  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  At screening, the court

23  must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp.

24  Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most

25  favorable to the plaintiff and resolve doubts in the plaintiff's favor.  See Jenkins v. McKeithen,

26  395 U.S. 411, 421 (1969).

1    Pro se pleadings are held to a less stringent standard than pleadings drafted by

2   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court may disregard

3   allegations in the complaint if they are contradicted by facts established by exhibits attached to

4   the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court

5   may also consider matters of public record, including pleadings and other papers filed with the

6   court.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court

7   need not accept as true conclusory allegations, unreasonable inferences, or unwarranted

8   deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

9    The Civil Rights Act under which this action was filed provides as follows:

10          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
11          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
12          law, suit in equity, or other proper proceeding for redress.

13   42 U.S.C. § 1983.  The statute requires that there be an actual connection between the actions of

14   the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

15   Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

16    "A person 'subjects' another to the deprivation of a constitutional right, within the

17   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

18   omits to perform an act which he is legally required to do that causes the deprivation of which

19   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

20   personnel are generally not liable under § 1983 for the actions of their employees under a theory

21   of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

22   causal link between him and the claimed constitutional violation must be specifically alleged.

23   See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

24   (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

25   personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

26   266, 268 (9th Cir. 1982).

1        In the present case, plaintiff has sued Ken Forshay, a food manager; G. Anderson,

2   a correctional officer; and V. Flandi, acting associate warden at CMF.  In the caption of his

3   complaint, plaintiff indicates that his complaint is one for malicious deliberate indifference and

4   civil rights conspiracy.  In his statement of claim, plaintiff alleges that on June 13, 2005, he was

5   "disrespected" by defendant Anderson when the officer called plaintiff "a girl."  Although

6   plaintiff refers to the remark as "bantering," he alleges that he was subjected to unfair treatment

7   and assassination of character in front of other inmates.  Plaintiff alleges that defendant Forshay

8   fabricated unspecified documents and obstructed justice in an unspecified manner, apparently

9   during the investigation of plaintiff's inmate appeal.  Plaintiff concludes that he was subjected to

10  dishonesty, cruel and unusual punishment, and conspiracy by all three defendants.  Plaintiff

11  provides a copy of his inmate appeal dated June 13, 2005, and the decisions issued at each level.

12       By way of relief, plaintiff seeks $7,000.00 in damages for humiliation, mental

13  stress, paranoia, emotional stress, and embarrassment.  Plaintiff requests a restraining order

14  prohibiting the defendants from coming within 200 feet of him while he is housed at CMF.

15  Plaintiff also requests appointment of counsel and a jury trial.

16       Plaintiff's complaint contains no factual allegations concerning his claims of

17  fabricated documents, obstruction of justice, dishonesty, and conspiracy.  Plaintiff's exhibits shed

18  no light on those allegations and contradict the allegations of malicious deliberate indifference,

19  unfair treatment, and assassination of character.  In the investigation that was conducted during

20  plaintiff's appeal, prison officials demonstrated concern about plaintiff's assertion that he was in

21  fear of his life because defendant Anderson referred to him as a girl.  During initial interviews,

22  plaintiff insisted that he did not need to be placed in administrative segregation for his own safety

23  and revealed that his goal was to get transferred out of CMF.  Later, plaintiff requested placement

24  in administrative segregation and was transferred there but stated during his next interview that

25  he would prefer transfer to a prison in Chino.  In an interview conducted by staff, the inmate to

26  whom defendant Anderson directed his remark concerning plaintiff on June 11, 2005 (not on

1   June 13, 2006, as alleged) confirmed that the remark was made, but stated that it was made in the

2   context of mutual banter between custody staff and inmates, in which plaintiff participated.

3   Defendant Anderson was also interviewed and stated that the two inmates had initiated the verbal

4   exchange with him and he responded in the same vein and did not remember making a comment

5   about plaintiff's gender.

6          The court has considered whether plaintiff's allegations state any federal claim on

7   which relief may be granted.  Under the Eighth Amendment, prisons must provide inmates with

8   humane conditions and protect them from harm.  To state an Eighth Amendment claim, a

9   prisoner must allege facts showing that objectively he suffered a sufficiently serious deprivation

10  and that subjectively each defendant had a culpable state of mind when he or she caused or

11  allowed the prisoner's serious deprivation of rights to occur.  Farmer v. Brennan, 511 U.S. 825,

12  834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Neither accident nor negligence

13  constitutes cruel and unusual punishment.  Whitley v. Albers, 475 U.S. 312, 319 (1986).

14         When an inmate alleges that staff failed to protect him or denied humane

15  conditions of confinement, he must allege facts showing that each defendant knew of and

16  disregarded an excessive risk to his health or safety and deliberately subjected him to a

17  substantial risk of serious harm.  Farmer, 511 U.S. at 837.  The prisoner must allege facts

18  showing that each defendant was aware of facts from which the inference could be drawn that a

19  substantial risk of serious harm existed and that each defendant drew that inference at the

20  relevant time.  Id.  Mere verbal threats, epithets, and profanity do not violate the Eighth

21  Amendment proscription against cruel and unusual punishment.  See Gaut v. Sunn, 810 F.2d

22  923, 925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

23         Under the standards set forth above, the court finds that the allegations in

24  plaintiff's complaint fail to state an Eighth Amendment claim on which relief can be granted.  In

25  addition, the court cannot grant the relief requested by plaintiff.  On July 18, 2006, plaintiff filed

26  a notice of change of address showing that he has been transferred to Avenal State Prison.  His

1   request for a temporary restraining order against the defendants is therefore moot.  With regard to

2   damages, plaintiff is informed that "[n]o federal civil action may be brought by a prisoner

3   confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered

4   while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Plaintiff has

5   not alleged any physical injury caused by defendants' actions and cannot seek damages for any

6   mental or emotional injury he suffered as a result of defendant Anderson's reference to him as a

7   girl.

8           Plaintiff's complaint must be dismissed.  The court will, however, grant leave to

9   file an amended complaint.  If plaintiff chooses to amend his complaint, plaintiff must allege

10  facts demonstrating that the acts complained of resulted in a deprivation of his federal

11  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended

12  complaint must allege in specific terms how each named defendant was involved in the alleged

13  violation of rights.  There can be no liability under 42 U.S.C. § 1983 unless there is an

14  affirmative link between the defendant's actions and the claimed deprivation of rights.  See

15  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

16  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17          Plaintiff's amended complaint must be complete in itself without reference to the

18  original complaint.  Local Rule 15-220.  The court cannot refer to the prior pleading in order to

19  make the amended complaint complete.  The amended complaint will supersede the original

20  complaint, and the original complaint will not serve any function in this case.  See Loux v. Rhay,

21  375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, as if it were the first complaint filed

22  in the case, each defendant must be named in the caption of the complaint, and each claim and

23  the involvement of each defendant must be sufficiently alleged in the statement of claim.

24          In accordance with the above, IT IS HEREBY ORDERED that:

25          1.  Plaintiff's April 12, 2006 application to proceed in forma pauperis is granted.

26          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6

1    Plaintiff is assessed an initial partial filing fee of $0.76.  All fees shall be collected and paid in

2    accordance with this court's order to the Director of the California Department of Corrections

3    and Rehabilitation filed concurrently herewith.

4              3.  Plaintiff's complaint is dismissed with leave to amend.

5              4.  Plaintiff is granted thirty days from the date of service of this order to file an

6    amended complaint that complies with the requirements of the Civil Rights Act, the Federal

7    Rules of Civil Procedure, and this order; the amended complaint must be submitted on a form,

8    must bear the case number assigned to this case, and must be labeled "Amended Complaint";

9    failure to file an amended complaint that complies with this order will result in a

10   recommendation that this action be dismissed without prejudice.

11   DATED: November 22, 2006.

12

13   _____

14   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

15   DAD:13
     west0785.14

16

17

18

19

20

21

22

23

24

25

26